UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on March 13, 2025**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| KAEVON SUTTON | : | VIOLATIONS: |
| | : | |
| Defendant. | : | 18 U.S.C. § 1951 |
| | : | (Interference with Interstate Commerce by Robbery) |
| | : | |
| | : | 18 U.S.C. § 2119(1) un |
| | : | (Carjacking) |
| | : | |
| | : | 18 U.S.C. § 924(c)(1)(A)(ii) |
| | : | (Brandishing a Firearm During a Crime of Violence) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 924(d); 21 U.S.C. § 853(p); and 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On or about May 20, 2023, within the District of Columbia, **KAEVON SUTTON**, did

unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce as that

term is defined in Title 18, United States Code, Section 1951, and the movement of articles and

commodities in such commerce, by robbery as that term is defined in Title 18, United States Code,

Section 1951, in that **KAEVON SUTTON**, did unlawfully take and obtain, and attempt to take

and obtain, property consisting of money, marijuana, and vehicles belonging to U.G. and M.C., in

Washington, D.C., from the presence of U.G. and M.C., and against their will by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons, while U.G. and M.C. were engaged in the sale of controlled substances, an activity that affects interstate commerce.

**(Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951).

## COUNT TWO

On or about May 20, 2023, within the District of Columbia, **KAEVON SUTTON**, took a motor vehicle, specifically a gray 2020 Nissan Murano, that had been transported, shipped, and received in interstate commerce from U.G. by force, violence, and intimidation with the intent to cause death or serious bodily harm.

**(Carjacking**, in violation of Title 18, United States Code, Section 2119(1)).

## COUNT THREE

On or about May 20, 2023, in the District of Columbia, **KAEVON SUTTON**, did unlawfully and knowingly use, carry, and brandish a firearm, during and in relation to, and in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, Count One and Count Two of this Indictment, which are incorporated herein.

**(Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).

## FORFEITURE ALLEGATION

1.      Upon conviction of the offenses alleged in Counts One and Two of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, U.S.C. Sections 981(a)(1)(C) and (F), and Title 28, U.S.C., Section 2461(c).  The United States will also

seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from the proceeds traceable to these offenses.

      2.    Upon conviction of the offense alleged in Count Three of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, U.S.C., Section 924(d) and Title 28, U.S.C., Section 2641(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including, but not limited to, a tan firearm.

      3.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

      (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

3

JEANINE FERRIS PIRRO                        A TRUE BILL:
UNITED STATES ATTORNEY


By: _____                 FOREPERSON.
GAURI GOPAL
ASSISTANT UNITED STATES ATTORNEY

4